JUSTICE McDONOUGH
delivered the Opinion of the Court.
Jillene Nelson (Nelson) brought a negligence action, in the Eleventh Judicial District, Flathead County, against Flathead Valley Transit after she was injured in a collision between the van in which she was a passenger and a snowplow. A jury verdict and judgment were entered in favor of Flathead Valley Transit. Nelson appeals the denial of her motion for judgment notwithstanding the verdict or, in the alternative, a new trial. We affirm.
*271 The following issues are presented for review:
1) Did the District Court err by denying Nelson’s motion for judgment notwithstanding the verdict?
2) Did the District Court abuse its discretion by denying Nelson’s motion for a new trial?
Flathead Valley Transit is in the business of transporting passengers for hire. Sandra Cannon was an employee of Flathead Valley Transit and was driving a van in that capacity when she had a collision with a snowplow. Jillene Nelson was a passenger in the van and was injured in the collision.
There is a factual dispute regarding where the two vehicles were, in relation to the center line, prior to the collision. Cannon testified that the snowplow was in the middle of the road when she first saw it approximately 90 feet away. Cannon, heading southbound on the road, perceived that she would be unable to pass between the northbound snowplow and the shoulder of her lane. In response, it is her testimony that she applied the brakes, lost control of the vehicle and struck the snowplow that had by now moved to the far right shoulder of the opposite lane.
The snowplow driver, James Hansen, testified that prior to the collision he had been plowing the shoulder of the road and that he was not in the middle of the road as Cannon claims. The investigating officer on the scene offered testimony that it appeared that the snowplow had been moving along the shoulder prior to the collision. The officer cited Cannon for either over driving existing road conditions or failure to keep to the right side of the roadway. The record provides limited information regarding the citations, though it appears through Cannon’s testimony that she contested the citations and lost.
At the close of the defendant’s case, Nelson made a motion for directed verdict which was denied and the case was sent to the jury. The jury returned a verdict for the defendant. Nelson made motions for judgment notwithstanding the verdict, or in the alternative, a new trial. The court denied the motions and Nelson appeals.
I.
Did the District Court err by denying Nelson’s motion for judgment notwithstanding the verdict?
In considering a motion for judgment notwithstanding the verdict, the court must view all of the evidence in a light most *272 favorable to the non-moving party. Nicholson v. United Pacific Insurance Company (1985), 219 Mont. 32, 710 P.2d 1342. The motion may only be granted if it appears that the non-moving party cannot recover upon any view of the evidence, including legitimate inferences to be drawn from it. Larson v. K-Mart Corporation, (1990), 241 Mont. 428, 787 P.2d 361.
Nelson contends that no evidence exists in any light that would support the conclusion that Cannon did not breach an obligation to Nelson. Section 69-11-107, MCA, is cited as the standard of care owed Nelson by Cannon in their respective capacities as common carrier and passenger. Specifically, Cannon is held to a standard of utmost care and diligence in the safe carriage of her passengers. Nelson argues that the issuance of citations and Cannon’s admission that she was found guilty of driving charges relating to the collision, established a breach of the above duty and negligence as a matter of law. We note that despite Nelson’s heavy reliance on this argument, the record provides scarce Information regarding the citations, the actual charges and the legal proceedings following their issue. On the basis of the scant record, we conclude the trial court did not err in denying the motion for judgment on this point.
Nelson next contends that Cannon’s breach of duty was the proximate cause of the accident and her injuries. Proximate cause was defined in the appellant’s proposed instruction and submitted to the jury as:
“whenever it appears that the act or omission played a substantial part in bringing about or actually causing the injury or damage; and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.”
Question number 1 of the special verdict form asked:
‘Were the Defendants guilty of negligence which was a legal cause of the Plaintiff’s injuries and damages?”
While the instructions delineate between the issues of negligence and proximate cause, the jury was not asked to provide separate answers to the two issues. In the instant case, it is possible that the jury found of negligence but no causation. Without knowing which specific element(s) the jury found lacking, negligence and/or proximate cause, the verdict must be affirmed if there is any evidence to support the jury’s findings on either one.
To grant judgment notwithstanding the verdict there must be a lack of substantial evidence to support the judgment. Funk v. Robbin (1984), 212 Mont. 437, 689 P.2d 1215. A colloquy between *273 appellant’s attorney and the judge following the motion for directed verdict brings out clearly that there was supporting evidence and after examining the record, we find that the jury could determine that the snowplow may have been in the middle of the road and precipitated the collision. The transcript provides:
“The Court: You do admit, don’t you, that there is a factual dispute between the parties as to where the Hanson vehicle was, when Miss Cannon first saw him in relation to the center fine?
“Mr. (Attorney): Factual — Well, I suppose created by the Defendant.
“The Court: By her testimony?
“Mr. (Attorney): That is correct.
“The Court: Yes, and so, is it not conceivable that panicking or otherwise, she hit the brakes to avoid a collision with him, and then lost control as a result and wham?
“Mr. (Attorney): I suppose.
“The Court: I mean, that is a plausible conclusion that the jury could reach, in light of her testimony?
“Mr. (Attorney): I suppose.”
Nelson now argues that the jury could not reach the conclusion suggested by the court because it may not give any weight to testimony that is contradicted by undisputed physical facts. In Burns v. U & R Express (1981), 191 Mont. 343, 624 P.2d 487, we held that “undisputed physical facts control over testimony when physical facts admit of only one interpretation.” The physical facts Nelson refers to are the tracks of the snowplow that allegedly follow the shoulder of the road.
The testimony of the investigating officer suggests that the snowplow was on the shoulder prior to the collision. However, no testimony was elicited from the officer regarding the basis of his suggestion nor the distance or length of time the snowplow had been traveling on the shoulder prior to the collision.
The snowplow driver, Hansen, testifies that he looked back and saw his marks along the shoulder. However, Hansen called a sand truck and the area was sanded before the investigating officer arrived. No further evidence on the “tracks” of the snowplow was offered. A single photograph was admitted into evidence but provides no further information in this regard. We are left with Hansen’s word against Cannon’s and an unclear picture of what the physical facts are. Because the physical facts are unclear, we decline to hold that they are controlling over the testimony of Cannon.
*274 The factual dispute regarding the cause of the accident was properly before the jury. “The jury is the judge of the credibility of the witnesses and the weight to be given testimony.” See Burns [191 Mont.] at 346, 624 P.2d 487. The verdict is supported by evidence. The ruling of the District Court denying the motion for judgment notwithstanding the verdict is affirmed.
II.
Did the District Court abuse its discretion by denying Nelson’s motion for a new trial?
Nelson contends that the District Court abused its discretion by failing to grant her motion for a new trial. Section 25-11-102, MCA, provides the grounds for which a new trial may be ordered. Nelson bases her motion on the following subsections:
“(1) irregularity in the proceedings of the court.... or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;
“(6) insufficiency of the evidence to justify the verdict... ;
“(7) error in law occurring at the trial and excepted to by the party making the application.”
The decision to grant a new trial is within the sound discretion of the trial judge and will not be disturbed absent a showing of manifest abuse. Zeke’s Distributing Co. v. Brown-Forman Corp. (1989), 239 Mont. 272, 779 P.2d 908.
 Nelson argues that the trial court abused its discretion by denying the motion for directed verdict and that a new trial should be ordered. When reviewing the denial of a motion for a directed verdict, only substantial evidence in the record supporting the jury’s finding is required. State v. Laverdure (1990), 241 Mont. 135, 785 P.2d 718. Essentially, the scope of our review and the province of the jury are the same as for a motion for judgment notwithstanding the verdict. For reasons stated above regarding the motion for judgment notwithstanding the verdict, the District Court did not abuse its discretion in denying Nelson’s motion for a directed verdict.
Nelson’s second ground for a new trial is that there is an insufficiency of evidence to justify the verdict. Again, Nelson relies on the physical facts and the alleged improbability of Cannon’s testimony. For reasons previously discussed, we disagree and find that the verdict was supported by the evidence.
*275 Finally, Nelson argues that there is clear error of law in jury instruction No. 24 and the special verdict form questions regarding the issue of joint and several liability. However, the jury found no liability whatsoever, and the special verdict forms instructions were such that the jury never dealt with the issue of joint and several liability. Affirmed.
CHIEF JUSTICE TURNAGE and JUSTICES HARRISON, GRAY, HUNT, and WEBER concur.