No. 97-316

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

CYNTHIA DeMARS,

Plaintiff and Appellant,

v.

CONNIE CARLSTROM,

Defendant and Respondent.

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Thomas J. Murphy; Conklin, Nybo, LeVeque & Murphy, P.C.;
Great Falls, Montana

For Respondent:

Paul R. Haffeman; Davis, Hatley, Haffeman & Tighe, P.C.;
Great Falls, Montana

Submitted on Briefs: September 17, 1997

Decided: November 4, 1997
Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

In May 1996, plaintiff and appellant, Cynthia DeMars, filed an action in the District Court for the Tenth Judicial District in Fergus County against Connie Carlstrom to recover damages she incurred as a result of a single vehicle automobile accident allegedly caused by Carlstromþs negligence. Following trial, the jury returned a verdict finding DeMars comparatively negligent, and apportioning liability between the two parties. DeMars subsequently filed a motion for judgment notwithstanding the verdict pursuant to Rule 50(b), M.R.Civ.P., on the issue of liability. In the alternative, DeMars moved for a new trial on the issue of comparative negligence pursuant to õ 25-11-102 (7), MCA. On April 21, 1997, the District Court issued an order denying DeMarsþ alternative motions for judgment notwithstanding the verdict and for a new trial. For the reasons discussed below, we affirm.

The sole issue on appeal is whether the District Court erred by denying DeMarsþ motion for judgment notwithstanding the verdict or for a new trial on the basis that Carlstromþs testimony at trial did not constitute a judicial admission which would have precluded the jury from considering comparative negligence and apportioning liability between the parties.

## FACTUAL BACKGROUND

On March 13, 1995, DeMars was injured in a single-vehicle automobile accident which occurred on a county road, commonly known as þThrill Hills Road,þ just south of Winifred, Montana. At the time of the accident, Carlstrom was driving and DeMars was a passenger, as were the partiesþ two teenaged daughters and a mutual friend. The accident occurred when Carlstrom lost control of the vehicle, which rolled and landed on its top in a ditch near the side of the road.

DeMars filed suit on May 29, 1996, to recover her damages, alleging the accident was caused by Carlstromþs negligence. Carlstrom admitted that her negligence was a cause of the accident, but alleged comparative negligence as an affirmative defense. On February 12, 1997, the case went to trial before a jury on issues of comparative negligence and damages.Following testimony by Carlstrom, DeMars moved for a directed verdict on the issue of comparative negligence. The court denied DeMarsþ motion, and the case went to the jury on issues of comparative negligence and damages. On February 14, 1997, the jury rendered a verdict setting damages at $45,000, but finding DeMars contributorily negligent in causing the accident. The jury apportioned 40 percent liability to DeMars and 60 percent liability to Carlstrom.

On March 12, 1997, DeMars filed a motion for judgment notwithstanding the verdict pursuant to Rule 50(b), M.R.Civ.P., on the issue of liability. In the alternative, DeMars moved for a new trial pursuant to õ 25-11-102, MCA, which provides that the court may order a new trial where there was an þerror in law occurring at the trial and excepted to by the party making the applicationþ and which þmaterially affected the

substantial rights' of the aggrieved party.  Section 25-11-102(7), MCA.  In an order dated April 21, 1997, the District Court denied DeMars' post-trial motions.  It is from this order that DeMars appeals.

## DISCUSSION

Did the District Court err by denying DeMars' motion for judgment notwithstanding the verdict or for a new trial on the basis that Carlstrom's testimony at trial did not constitute a judicial admission which would have precluded the jury from considering comparative negligence and apportioning liability between the parties?

A.  Motion for judgment notwithstanding the verdict.

We have held that, in evaluating a motion for judgment notwithstanding the verdict, 'the court must view all of the evidence in a light most favorable to the non-moving party.'  Nelson v. Flathead Valley Transit (1992), 251 Mont. 269, 271-72, 824 P.2d 263, 265.  Further, we have recognized that a motion for judgment notwithstanding the verdict is appropriate 'only where there is a complete absence of any evidence to warrant submission to a jury.'  Ryan v. City of Bozeman (1996), 279 Mont. 507, 510, 928 P.2d 228, 229-30 (citing Jacques v. Montana Nat'l Guard (1982), 199 Mont. 493, 504, 649 P.2d 1319, 1325).  The District Court should not grant a motion for judgment notwithstanding the verdict '[unless there is a complete absence of any credible evidence in support of the verdict.  Ryan, 279 Mont. at 510, 928 P.2d at  230 (citing Barmeyer v. Montana Power Company (1983), 202 Mont. 185, 191, 657 P.2d 594, 597 (overruled on other grounds by Martel v. Montana Power Co. (1988), 231 Mont. 96, 752 P.2d 140)).  Here, DeMars argues that Carlstrom, while testifying at trial, admitted the accident was entirely her fault and thereby made a binding judicial admission which should have prevented her from thereafter contesting liability.  Specifically, DeMars points to the following testimony rendered by Carlstrom while under cross-examination:

Q:    [By DeMars' counsel]  At any rate, at one point, and actually for
      several months, you said that [the accident] was all your fault.  Isn't
      that true?

A:    [By Carlstrom]  I don't believe I have ever changed it, how guilty
      and how responsible I feel about that car wreck.

Q:    And I am not trying to make you feel bad, but I need to ask you
      questions.  Is it true that you have said it was all your fault?

A:    Yes, it is.

Q:    And you said that for a number of months on a number of different
      occasions.  Isn't that correct?

A:    Yes, and I believe I have also said that here today.

DeMars contends that this portion of Carlstrom's testimony constitutes a binding judicial admission with respect to the issue of liability and, therefore, argues the

District

Court erred in permitting the jury to consider the issue of comparative fault and in permitting it to apportion liability for the accident. In support of her contention that

Carlstrom made a binding judicial admission, DeMars points to our decision in Rasmussen v. State Fund (1995), 270 Mont. 492, 893 P.2d 337.

In Rasmussen, we described a judicial admission as þan express waiver made in court by a party or his attorney conceding the truth of an alleged fact.þ Rasmussen, 270

Mont. at 497, 893 P.2d at 340. We noted that such an admission has a conclusive effect

upon the party who makes it, and prevents that party from introducing further evidence

to þprove, disprove, or contradict the admitted fact.þ Rasmussen, 270 Mont. at 497, 893

P.2d at 340 (citing Kohne v. Yost (1991), 250 Mont. 109, 112, 818 P.2d 360, 362). In Kohne, we recognized that þ[f]or a judicial admission to be binding, it must be an unequivocal statement of fact.þ Kohne, 250 Mont. at 113, 818 P.2d at 362. DeMars contends that Carlstrom, by agreeing the accident was all her fault, made just such an

unequivocal statement of fact and that the court consequently erred in permitting the jury

to consider the issue of comparative negligence.

Carlstrom, however, argues her testimony did not constitute a binding judicial admission because it was made under pressure of cross-examination by a party to the litigation, rather than by an attorney, and because the alleged admission of liability was

by no means unequivocal in light of conflicting evidence of record. Carlstrom additionally argues the statements she made on the stand do not qualify as judicial admissions because they were not statements of fact, but were rather expressions of opinion or legal conclusions.

Having considered the record on appeal, we conclude, as did the District Court below, that Carlstrom did not make a binding judicial admission as contemplated by our

decisions in the Rasmussen and Kohne cases. Although we recognized in both Rasmussen and Kohne that a litigant may, under certain circumstances, render a judicial admission,

Carlstrom did not do so in the present case.

For a judicial admission to be binding upon a party, the admission must be one of fact rather than a conclusion of law or the expression of an opinion. Larson v. A.T.S.I.

(Colo. App. 1993), 859 P.2d 273, 275-76. See also Kohne, 250 Mont. at 113, 818 P.2d at 362 (citing Childs v. Franco (E.D. Pa. 1983), 563 F. Supp. 290, 292). Black's Law Dictionary, 6th Edition, distinguishes facts and law as follows:

A "fact," as distinguished from the "law," may be taken as that out of which the point of law arises, that which is asserted to be or not to be, and is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law. Law is principle; fact is an event. Law is conceived; fact is actual. Law is rule of duty; fact is that which has been according to or in contravention of the rule.

Black's Law Dictionary 592 (6th ed. 1990) (citation omitted).

Similarly, Black's defines opinion evidence or testimony as "[e]vidence of what the witness thinks, believes, or infers in regard to fact in dispute, as distinguished from his personal knowledge of the facts themselves."  Black's Law Dictionary 1093 (6th ed. 1990).

As the foregoing definitions clearly demonstrate, Carlstrom's testimony that the automobile accident was all her fault was either her legal conclusion based upon her understanding of the facts as she knew them, or was, in the alternative, the expression of her personal opinion.  Accordingly, because Carlstrom's statements that she was at fault were not statements of fact, we conclude they were not judicial admissions.

Having held that Carlstrom's statements regarding fault for the accident do not qualify as judicial admissions because they were not statements of fact, we need not address Carlstrom's alternative arguments that her testimony did not constitute a binding judicial admission because it was not unequivocal, and was made under pressure of cross-examination by a party to the litigation, rather than by an attorney.

As noted above, we have previously held that a motion for judgment notwithstanding the verdict is properly granted only where the record displays þa complete absence of any evidence to warrant submission to a jury."  Ryan, 279 Mont. at 510, 928 P.2d at 230.  Further, the District Court should deny such a motion þ[u]nless there is a complete absence of any credible evidence in support of the verdict.þ Ryan, 279 Mont. at 510, 928 P.2d at 230.  Here, the District Court concluded, and the parties do not dispute, that the record contained evidence upon which the jury could have based its decision that DeMars bore partial responsibility for the accident.  Having held that Carlstrom did not render a judicial admission, and in light of the conflicting evidence of record regarding the issue of liability for the accident, we conclude the District Court properly permitted the issue of contributory negligence to go before the jury.  Thus, we hold the District Court did not abuse its discretion in denying DeMarsþ motion for judgment notwithstanding the verdict.

B.  Motion for new trial.

DeMars alternatively moved for a new trial on the issue of liability pursuant to õ 25-11-101(7), MCA, which provides that the court may order a new trial where there was an þerror in law occurring at the trial and excepted to by the party making the applicationþ and which þmaterially affected the substantial rightsþ of the aggrieved party.

We review a district courtþs denial of a motion for a new trial for an abuse of discretion.  Werre v. David (1996), 275 Mont. 376, 395, 913 P.2d 625, 637; Hando v. PPG Industries, Inc. (1995), 272 Mont. 146, 149, 900 P.2d 281, 283. See also Tope v. Taylor (1988), 235 Mont. 124, 131-32, 768 P.2d 845, 849-50 (reviewing denial of motion for new trial pursuant to õ 25-11-102(7), MCA, for manifest abuse of discretion).

For the reasons discussed above, we hold the District Court did not err in permitting the question of comparative negligence to go before the jury. Accordingly, we hold the court did not abuse its discretion in denying DeMarsþ alternative motion for a new trial

In summary, we conclude, as did the District Court below, that Carlstromþs testimony did not constitute a binding judicial admission because it did not constitute an unequivocal statement of fact.  Therefore, we hold the District Court properly permitted the question of comparative negligence to go before the jury and did not abuse its discretion in denying DeMarsþ motion for judgment notwithstanding the verdict or her alternative motion for a new trial.

/S/   JIM REGNIER


We Concur:

/S/  J. A.  TURNAGE
/S/  JAMES C. NELSON
/S/  WILLIAM E. HUNT, SR.
/S/  W. WILLIAM LEAPHART