IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 98-304

1999 MT 223A

_____

In the Matter of )

RAYMOND W. GEORGE TRUST, )

Sarah Arnott Ozment, ) O R D E R

Successor Trustee. )

_____

¶1.Appellant James Sievers (Sievers) petitions for rehearing in the above matter on the basis that this Court's decision, issued September 23, 1999, "is in conflict with Montana statutes, that issues decisive of the case were overlooked by the Court and that the decision is in conflict with an express statute."

¶2.Respondents Kenneth George, Shirley Bragg and Leo George object. Respondent Leo George also requests damages for a frivolous petition.

¶3.We are not persuaded that Sievers' arguments are meritorious except to the extent that he argues that this Court cited a non-existent statute in support of its holding. More correctly, the statute relied upon did exist; our opinion simply did not cite it properly. Specifically, in ¶ 18 of this Court's September 23, 1999 decision, we referred to "§ 72-24-201, MCA (1973)." As Sievers points out, the correct citation to the statute, prior to 1978, would be § 86-108, RCM (1947). However, in 1978, the statute was recodified in the Montana Code Annotated as § 72-24-201. Hence, while the citation to the statute in question is in error, the language of the statute is, indeed, correctly applied in this case.

¶4.We are not persuaded that Respondent Leo George is entitled to damages in responding to Sievers' petition for rehearing. Therefore,

¶5.IT IS ORDERED that Sievers' petition for rehearing is DENIED, except that ¶ 18 is amended to read (stricken language is deleted; underlined language is added):

¶ 18 Section <u>86-108, RCM (1947) (recodified in 1978 as §</u> 72-24-201, MCA (1973), <u>and repealed in 1989) (hereinafter referred to as § 72-24-201)</u> provides:

> **Trustees of express trust vested with whole estate.** Except as hereinafter otherwise provided, every express trust in real property, valid as such in its creation, *vests the whole estate in the trustees*, subject only to the execution of the trust. *The beneficiaries take no estate or interest in the property*, but may enforce the performance of the trust. [Emphasis added.]

¶6.A substantively identical statute is presently codified at § 72-36-206(2), MCA.

¶7.IT IS FURTHER ORDERED that Respondent Leo George's request for damages is DENIED.

¶8.IT IS FURTHER ORDERED that the Clerk of this Court give notice of this order by mail to counsel of record.

¶9.DATED this 20th day of October, 1999.

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ TED L. MIZNER

District Judge, sitting for Justice

Karla M. Gray