JUSTICE WHEAT,
specially concurring.
¶45 I agree with the Court’s decision to reverse the judgment of the District Court and to order more serious spoliation sanctions against BNSF on remand. I would, however, remand to the District Court with an instruction to enter default judgment, because the audacity of the spoliation in this case warrants more than a mere negative inference in favor of Spotted Horse.
¶46 This is not a case where the plaintiff slept on his claim. Spotted Horse provided prompt notice of his intention to bring suit and a prompt request for the surveillance video that would have resolved several factual disputes and all but proven a number of the elements of his claim. This is also not a case where the information was lost mistakenly or inadvertently. The destruction of the video was the result of knowing, culpable conduct. BNSF was on notice of Spotted Horse’s intention to sue. It knew the value of the video, and it knew that the video was exclusively in its control. Taking advantage of this control, BNSF not only let the video be destroyed but also destroyed the best evidence of what the video would have shown by moving its surveillance cameras. Meanwhile, BNSF took special care to preserve other particular items of evidence that it thought were “perishable,” *327 “one of a kind,” or “critical.”
¶47 Such knowing, calculated, and prejudicial spoliation of evidence demands default judgment. It is the obligation of every Montana court to protect the integrity of the judicial system and to ensure proper administration of justice. See Oliver v. Stimson Lumber Co., 1999 MT 328, ¶ 31, 297 Mont. 336, 993 P.2d 11. Usually this means that there is a presumption in favor of resolution of controversies on their merits. But, in cases where a party maliciously misuses our judicial system, this presumption is forfeited and the obligation to protect the judicial system instead requires courts to remedy the misuse, to punish the misuser, and to deter future misuse. See Richardson v. State, 2006 MT 43, ¶ 68, 331 Mont. 231, 130 P.3d 634; Schuff v. A.T. Siemens & Sons, 2000 MT 357, ¶ 81, 303 Mont. 274, 16 P.3d 1002; Oliver, ¶ 34. Spoliation is an especially pernicious form of misuse, and this Court and other Montana courts should not shy from responding with commensurate sanctions.
¶48 Spoliation has a profound effect on our judicial system. “Aside perhaps from perjury, no act serves to threaten the integrity of the judicial process more than the spoliation of evidence. Our adversarial process is designed to tolerate human failings — erring judges can be reversed, uncooperative counsel can be shepherded, and recalcitrant witnesses compelled to testify. But, when critical documents go missing, judges and litigants alike descend into a world of ad hocU ... half measures — and our civil justice system suffers.” Margaret M. Koesel et al., Spoliation of Evidence: Sanctions and Remedies for Destruction of Evidence in Civil Litigation 1 (3d ed., 2013); see also Charles R. Nesson, Incentives to Spoliate Evidence in Civil Litigation: The Need for Vigorous Judicial Action, 13 Cardozo L. Rev. 793,793 (1991) (“By its nature spoliation is invisible. The evidence may have been unknown to anyone but the spoliator. The act itself need leave no trace.... Spoliation is an effective, and, I believe, a growing litigation practice which threatens to undermine the integrity of civil trial process.”). “There can be no truth, fairness, or justice in a civil action where relevant evidence has been destroyed before trial.” Oliver, ¶ 31.
¶49 Unfortunately, spoliation and other obstructive techniques have become much too commonplace. See, e.g., Bilesky v. Shopko Stores Operating Co., LLC, 2014 MT 300, ¶¶ 6-8, 377 Mont. 58, 338 P.3d 76; Order Granting Relief, Silliker v. BNSF, Jan. 27, 2010, DV 04-0955 (Mont. 13th Dist. Ct.); Order, Dolan v. BNSF, Aug. 22, 2003, ADV-01-1090(B) (Mont. 8th Dist. Ct.); Danielson v. BNSF, March 13, 2006, CDV-04-124(d) (Mont. 8th Dist. Ct.); Schmidt v. BNSF, March 1, 2006, *328 CDV-04-252(d) (Mont. 8th Hist. Ct.); Koesel et al., supra, at xvi-xvii. Commentators have advocated vigorous judicial action in response, e.g. Nesson, supra, at 805-07, and this Court has recognized the need to address the problem. Oliver, ¶¶ 31-34,40.
¶50 The Court even went so far as to recognize a new tort for third party spoliation, noting that it is this Court’s responsibility to ensure that our judicial system provides a fair opportunity for litigants to present their claims and defenses. Oliver, ¶¶ 31,34,40. The Court did not make that tort available against parties to the litigation, because it reasoned that the strength and breadth of the remedies available to Montana courts, which include default judgment, was already sufficient. Oliver, ¶ 32. While this is true — Montana courts do have a sufficient set of available remedies to adequately address spoliation — the remedies are meaningless unless they are actually used and effectively crafted.
¶51 As such, Montana courts should not shrink from granting default judgment where, as here, spoliation is willful, in bad faith, or knowingly committed in order to obscure the truth and to prevent accurate decision making. By failing to take such action when it is warranted, we fail the spoliation victim and our system of justice, while at the same time rewarding the spoliator with the result he or she sought: an advantage in litigation. By failing to take such action, we set the stage with perverse incentives and encourage further spoliation. Until we are willing to respond with sanctions commensurate to the damage caused by intentional spoliation — that is, with default judgment — the reward from destroying evidence will continue to outweigh the risk.
¶52 The District Court’s decision did not effectively serve to remedy BNSF’s spoliation, to punish BNSF, or to dissuade others from committing similar acts. BNSF still comes out ahead, served by its misconduct. Again, this case is one where the spoliator, BNSF, acted knowingly and purposely to destroy evidence. In response to such actions, I would instruct the District Court to order default judgment in favor of Spotted Horse on remand.