No. 90-180

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

    Plaintiff and Respondent,

v.

ALLEN RAY "SPEEDY" MATT,

    Defendant and Appellant.

FILED

OCT 25 1990

CLERK OF SUPREME COURT
STATE OF MONTANA

*Ed Smith*

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Benjamin R. Anciaux, Polson, Montana

    For Respondent:

    Marc Racicot, Attorney General, Helena, Montana;
Patricia Schaeffer Jordan, Assistant Attorney
General, Helena, Montana; Larry Nistler, County
Attorney, Polson, Montana; Robert S. Anderson,
Deputy County Attorney, Polson, Montana

Submitted on briefs: August 23, 1990

Decided: October 25, 1990

Filed:

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Allen Ray Matt appeals from the judgment of the Twentieth Judicial District, Lake County. Following trial and conviction for the offenses of domestic abuse, third offense and tampering with a witness, Matt was sentenced to five years, with two years suspended and ten years with five years suspended. The District Court further ordered these terms to be served consecutively and designated Matt a dangerous offender for purposes of parole. We affirm.

The issues we find pertinent to our review are:

1. Whether the State improperly introduced evidence of other crimes, wrongs and acts of Matt;

2. Whether the State violated the District Court's discovery order or intentionally suppressed evidence;

3. Whether the information was insufficient to give Matt notice of the charges against him;

4. Whether Matt was subjected to double jeopardy on the charge of domestic abuse;

5. Whether the evidence was insufficient to support a verdict of guilty for the offense of tampering with a witness;

6. Whether there was cumulative error in the proceedings and trial against Matt.

The offenses which are the subject of this appeal arose out of prior incidents of domestic abuse which involved Matt, and the principle witness, Violet Weaselhead. Apparently Matt and Weaselhead were engaged to be married. However, after some

2

disagreements, Matt assaulted Weaselhead on April 30 and May 1, 1989. Matt was convicted of these offenses in Justice Court on July 18, 1989.

On May 2, 1989, following his arrest for domestic abuse, Matt went to Weaselhead's home. They then entered into a discussion about their relationship, which became heated. According to the record, Matt became angry and struck Weaselhead on the side of the head. Apparently, he also threatened her in the event she testified against him for the prior incidents of domestic abuse.

Following this incident, Matt was arrested and charged with domestic assault and tampering with a witness. After his conviction on the two prior domestic abuse cases, the prosecutor amended the information to change the offense of domestic abuse to domestic abuse, third offense, a felony.

Prior to trial, Matt submitted a motion in limine to prevent the introduction of any evidence of his prior two convictions into evidence. This motion was granted, to the extent that the evidence could not be used to prove intent to commit or a pattern of domestic abuse. However, the District Court did allow the State to introduce evidence that a charge had been filed and that Matt knew that a complaint had been filed against him for the limited purpose of proving the offense of tampering with a witness.

Following trial and conviction, the District Court sentenced Matt to five years with two years suspended for the offense of domestic abuse. It also sentenced Matt to a term of ten years, with five years suspended for the offense of tampering with a

3

witness. The District Court ordered these terms to be served consecutively and designated Matt a dangerous offender. This appeal followed.

I

Matt argues that the State improperly introduced evidence of his two prior convictions for domestic abuse. According to Matt, the State, in violation of the procedures set forth in State v. Just (1979), 184 Mont. 262, 602 P.2d 957 and the District Court's order, improperly introduced evidence of Matt's two prior convictions. He further argues that the State's conduct prevented him from preparing his defense, because the introduced evidence was unexpected and no warning was given of its possible introduction.

Section 45-7-206(1), MCA, outlines the elements which must be proven by the State in order to obtain a conviction for the offense of tampering with a witness. The statute states:

> A person commits the offense of tampering with witnesses and informants if, believing that an official proceeding or investigation is pending or about to be instituted, he purposely or knowingly attempts to induce or otherwise cause a witness or informant to:
>
> (a) testify or inform falsely;
>
> (b) withhold any testimony, information, document, or thing;
>
> * * *

The clear language of the statute requires the prosecution to prove that Matt knew an "official proceeding or investigation was pending or about to be instituted" and that he purposely or knowingly attempted to induce Violet Weaselhead to withhold testimony at his upcoming trial for domestic abuse. In order to

4

establish these elements, it was necessary to prove that Matt knew these charges were pending against him and that Weaselhead would be a witness at his trial.

Recognizing this, the District Court allowed evidence of the pending charges to be introduced into evidence. It strictly limited its use, however, and only allowed its introduction for the purpose of proving the elements of tampering with a witness. The District Court forbade the prosecution from using the evidence to establish any proof of the domestic abuse charge. In order to accomplish this goal, the State was precluded from introducing any testimony which would inform the jury of Matt's convictions for domestic abuse. It was only allowed to introduce evidence that Matt knew that a complaint had been filed. The State was not allowed to describe the nature of the crimes involved in the complaint.

The introduction of this evidence was clearly for the purpose of proving the elements of tampering with a witness. There is no indication that it was used to prove the character of Matt. Nor was it used to establish motive, opportunity, preparation or absence of mistake. See Rule 404(3)(b), M.R.Evid. Given the limited purpose of this evidence, the trial court was not required to comply with the conditions set forth in State v. Just (1979), 184 Mont. 262, 602 P.2d 957.

Matt further argues that the State introduced evidence of earlier incidents of domestic abuse during other portions of the trial. We have reviewed the transcript in full and have found that

5

references to prior crimes were either elicited by Matt's attorney or were spontaneous comments made during witness testimony. Matt failed to register an objection to or request the judge to strike such testimony. We, therefore, find no reversible error in the introduction of the evidence.

## II

Matt next argues that the State violated the District Court's discovery order and that the State intentionally suppressed evidence. In support of this contention, Matt argues that the State did not supply him with copies of Weaselhead's police statement or photographs of her injuries until the eve of trial. He also argues that the State never provided him with any paperwork concerning the prior domestic abuse charges. In order to ameliorate this problem, Matt maintains that the District Court should have sanctioned the State by either forbidding it from utilizing the nondisclosed evidence or declaring a mistrial.

The State, on the other hand, argues that it was not required to provide Matt with any of the evidence. According to § 46-15-322(1), the State need only "make available to the defendant for examination and production" all relevant documents. The State maintains it complied with this duty by allowing defense counsel full opportunity to examine its files. According to the prosecuting attorney, the files were open "to scrutiny by defense counsel."

Apparently, this right was not exercised. However, this fact cannot form a basis to support Matt's contentions that the State

6

willfully suppressed evidence or refused to abide by the trial court's discovery order. There is no evidence that the State refused any request by defense counsel to examine any relevant evidence. Accordingly, Matt's contentions on this issue must fail.

## III

Matt next argues that the information was insufficient to inform him of the charges pending against him. He maintains that the information did not sufficiently apprise him of the facts surrounding the charge of tampering with a witness.

We begin our analysis with the observation that the purpose of an information is to reasonably apprise the person of the charges against him so that he may have an opportunity to prepare his defense. State v. Matson (1987), 227 Mont. 36, 736 P.2d 971. In determining its sufficiency, the test to be applied is whether a person of common understanding would know what was charged. State v. Longneck (1981), 196 Mont. 151, 640 P.2d 436.

In order to insure these requirements are met, the legislature has passed § 46-11-401(1)(c), MCA, which provides that an information shall:

(c) charge the commission of an offense by:

(i) stating the name of the offense;

(ii) citing in customary form the statute, rule, or other provision of law which the defendant is alleged to have violated;

(iii) stating the facts constituting the offense in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended;

(iv)    stating the time and place of the offense as definitely as can be done; and

(v)    stating the name of the accused, if known, and, if not known, designating the accused by any name or description by which he can be identified with reasonable certainty.

The amended information charged Matt with felony tampering with witnesses under § 45-7-206(1), MCA.  It further alleged:

In the District Court of the Twentieth Judicial District of the State of Montana, in and for the County of Lake, on the 25th day of July, 1989, the above-named Defendant is accused by the Deputy County Attorney of said County in the name and by the authority of the State of Montana by this Information, of the offenses of DOMESTIC ABUSE, Third Offense, a Felony, Count I, as specified in MCA 45-5-206(1)(a), with punishment as provided in MCA 45-5-206(3) (fined [sic] not to exceed $50,000 or be imprisoned in the state prison for a term not to exceed 5 years, or both); and TAMPERING WITH WITNESSES AND INFORMANTS, a Felony, Count II, as specified in MCA 45-7-206(1), with punishment as provided in MCA 45-7-206(2) (imprisoned in the state prison for a term not to exceed 10 years, or be fined not more than $50,000, or both), committed as follows:

* * *

COUNT II

On or about May 2, 1989, near St. Ignatius, Lake County, Montana, the above-named Defendant, believing that an official proceeding or investigation was pending or about to be instituted, purposely or knowingly attempted to induce or otherwise cause a witness to withhold testimony or testify falsely, when he threatened Violet Weaselhead with physical harm if she assisted in the prosecution of criminal charges against him.

As the above paragraphs make evident, the amended information named the defendant, cited the statute, recited the statutory name of the crime, stated the facts of the crime and stated the time and place of the crime.  It clearly met all statutory requirements. However, Matt claims he was unaware of what charges or

8

investigation was pending against him and that he was therefore unable to prepare his defense.

We find this position untenable. The record clearly indicates that the defendant was arrested on May 1, 1989, for two domestic abuse charges involving Violet Weaselhead. The information informed Matt that the witness tampering charge involved threats against Weaselhead. There is no evidence of any other charges pending against Matt, which involved Weaselhead. Clearly, enough information was provided for a person of common understanding to be put on notice of the offense charged.

IV

On the first day of trial, Matt moved to dismiss the charges based upon double jeopardy. Prohibitions against double jeopardy are contained in the Fifth Amendment of the United States Constitution and Article II, Section 25 of the Montana Constitution. The prohibition contained in these provisions protects a criminal defendant against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction and multiple punishments for the same offense. State v. Hall (1986), 224 Mont. 187, 728 P.2d 1339 rev'd on other grounds 481 U.S. 400 per curiam.

Matt argues that he is unsure whether he was tried twice for the same offense. He maintains that due to the ambiguous nature of the information, he is unable to determine which domestic abuse charge was the subject of his trial.

9

We find no merit in this argument. Matt was charged with two counts of domestic abuse, one committed on April 30 and the other committed on May 1, 1989. He was tried and convicted in Justice Court on these two offenses. He was also charged with domestic abuse for an incident which occurred on May 2, 1984. This offense occurred at the same time Matt committed the offense of tampering with a witness. This third domestic abuse charge was further distinguished by the fact that it was charged as a felony. It is clear that Matt was not tried for the same offense twice. The prohibition against double jeopardy does not protect a defendant against successive trials on separate counts arising from separate incidents. Matt's contentions on this issue were therefore properly dismissed.

V

Matt next argues that there was insufficient evidence to support the jury's verdict of guilty on the offense of tampering with a witness. We disagree. In reviewing a jury verdict, this Court has adopted the following standard of review:

> [T]he relevant question is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

See State v. Jackson (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

The elements which must be proven to support a verdict of guilty for the offense of tampering with a witness are:

1) A person

10

2)  believing that an official proceeding or investigation is pending or about to be instituted

3)  purposely or knowingly attempts to induce a witness

4)  to withhold testimony.

See § 45-7-206, MCA.

The evidence introduced during trial established that Matt was arrested and charged with a crime on May 1.  These charges were still pending on May 2.  Weaselhead testified that, as a result of these charges, Matt told her he was on bail and was not supposed to have any contact with her.  This testimony clearly established Matt's knowledge that charges were pending against him.  As to the intent to cause a witness to withhold testimony, Weaselhead testified that Matt told her not to go to court and pursue the charges, and that if she did, either he or his friends "would get her."  This testimony is sufficient to establish the intent to induce her not to testify.  A reasonable juror could have found the elements of the crime beyond a reasonable doubt.

                                   VI

Finally, Matt argues that this Court should reverse the jury verdict on the grounds that cumulative error prejudiced his right to a fair trial.  We have found no prejudicial error and therefore the doctrine does not apply.

Affirmed.

_____
                Justice

11

We Concur:

_Diane T. Bu_____

_John C. Sheehy_____

_____

_R. C. McDonough_____

Justices

12