No. 02-434

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 177

CITY OF MISSOULA,

      Plaintiff and Respondent,

  v.

MIKHAIL Y. LESKO,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and for the County of Missoula, Cause No. DC-01-404
                    The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Gary W. Wolfe; Sol & Wolfe, Missoula, Montana

      For Respondent:

          Gary Henricks, Missoula City Attorney's Office, Missoula, Montana

                    Submitted on Briefs:  January 30, 2003

                            Decided:  July 10, 2003

Filed:

                              Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Mikhail Y. Lesko (Lesko) appeals from the order of the Fourth Judicial District Court, Missoula County, affirming the conviction and sentence entered by the Missoula Municipal Court (Municipal Court).  We affirm.

¶2      The issue on appeal is whether the District Court erred in concluding that the City of Missoula (City) did not fail to meet its discovery obligations and, on that basis, in affirming the Municipal Court.

¶3      Missoula Police Department officers cited Lesko into Municipal Court for driving under the influence of alcohol.  After a pretrial conference, counsel for the City and for Lesko, as well as the Municipal Court judge, signed a pretrial order stating that the City had disclosed all evidence required by § 46-15-322, MCA.

¶4      At the outset of his bench trial, Lesko objected to evidence and witnesses to be offered by the City, beyond those included in a Notice of Intent to offer Montana Crime Laboratory reports and a related witness.  He moved to exclude any other evidence against him on the basis that such evidence had not been disclosed as required by § 46-15-322, MCA, and the pretrial order.  The Municipal Court denied the motion and, after a bench trial, convicted and sentenced Lesko.

¶5      Lesko appealed to the District Court, and the parties briefed the issue of whether the Municipal Court erred by allowing certain witnesses to testify without having been disclosed

2

during discovery. The District Court affirmed the Municipal Court's decision. Lesko appeals.

¶6 Did the District Court err in concluding that the City did not fail to meet its discovery obligations and, on that basis, in affirming the Municipal Court?

¶7 Appeals to district court from municipal court are limited to record reviews and questions of law. A "district court may affirm, reverse, or amend any appealed order or judgment. . . ." Section 3-6-110, MCA. We review a district court's conclusions of law--such as whether a statute or pretrial order was violated--to determine whether the conclusions are correct. *See State v. McNally*, 2002 MT 160, ¶ 5, 310 Mont. 396, ¶ 5, 50 P.3d 1080, ¶ 5.

¶8 Section 46-15-322, MCA, requires that, "[u]pon request," a prosecutor must make available for examination and reproduction certain material and information within the prosecutor's possession and control, including names, addresses, and statements of intended prosecution witnesses and "any evidence in the particular case. . . ." In this regard, the first question on the pretrial order signed by the Municipal Court and both counsel is "Has prosecution disclosed all evidence required by M.C.A. 46-15-322." The "yes" answer is marked with an "x."

¶9 Lesko contends the City failed to disclose all its witnesses and other evidence in advance and, as a result of the City's failure to meet its discovery obligations, he was entitled to have the undisclosed witnesses and evidence precluded from trial. With regard to the pretrial order, Lesko urges that, by signing the order, the City represented that everything

3

required by § 46-15-322, MCA, had been disclosed and it could not present--and the District Court could not admit--additional evidence at trial. The City argues that, because its practice is to make all material in its file available to defense counsel in a criminal case, Lesko's failure to "request" discovery or to exercise his right to view and copy the City's case file is not the equivalent of a discovery abuse by the City. We previously have adopted the City's position.

¶10     In *State v. Matt* (1990), 245 Mont. 208, 799 P.2d 1085, the defendant was convicted of domestic abuse and tampering with a witness. *Matt*, 245 Mont. at 209, 799 P.2d at 1086. He argued on appeal that, because the prosecution had violated the district court's discovery order by not supplying him with certain statements and photographs until the eve of the trial, the district court should have declared a mistrial or forbidden the prosecution from utilizing the undisclosed evidence. *Matt*, 245 Mont. at 212, 799 P.2d at 1088. The prosecution contended that § 46-15-322(1), MCA, required it to "make available to the defendant for examination and production" the relevant documents, and that it had complied with the statute by allowing defense counsel full opportunity to examine its files. *Matt*, 245 Mont. at 212, 799 P.2d at 1088.

¶11     We determined that defense counsel's failure to exercise the right to examine the prosecutor's files "cannot form a basis to support [the defendant's] contentions that the State willfully suppressed evidence or refused to abide by the trial court's discovery order." We further noted there was "no evidence that the State refused any request by defense counsel to examine any relevant evidence." *Matt*, 245 Mont. at 212-13, 799 P.2d at 1088.

¶12    As in *Matt*, the record before us does not indicate--and Lesko does not assert--that he ever requested discovery from the City. The pretrial order indicated that the City had disclosed all evidence "required" by § 46-15-322, MCA, which, as set forth above, requires only that certain evidence be made available to the defendant "[u]pon request." *Matt* is controlling here.

¶13    Lesko argues that he was improperly bound to the representations of the City, which signed the pretrial order indicating it had provided all discovery "required" by § 46-15-322, MCA. As discussed above, however, the statute only required the City to make available that which Lesko requested. Stated simply, since Lesko's counsel also signed the pretrial order stating the City had provided the statutorily-required discovery, he cannot now be heard to assert that he was not also bound thereby.

¶14    Accordingly, we hold that the District Court correctly concluded that the City did not fail to meet its discovery obligations and, on that basis, correctly affirmed the Municipal Court.

¶15    Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE