No. 05-390

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 131

GREGORY VOGEL,

Plaintiff and Appellant,

v.

INTERCONTINENTAL TRUCK BODY, INC.,

Defendant and Respondent.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Pondera, Cause No. DV 02-64
Honorable Marc G. Buyske, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Torger S. Oaas, Attorney at Law, Lewistown, Montana

For Respondent:

Jean E. Faure, Attorney at Law, Great Falls, Montana

Submitted on Briefs:  April 19, 2006

Decided:  June 13, 2006

Filed:

_____
Clerk

Chief Justice Gray delivered the Opinion of the Court.

¶1 Gregory Vogel (Vogel) filed this wrongful discharge action against his former employer, Intercontinental Truck Body, Inc. (Intercontinental). The Ninth Judicial District Court, Pondera County, granted Intercontinental's motion for summary judgment and entered judgment. Vogel appeals, and we affirm.

¶2 We restate the issue as whether the District Court erred in granting summary judgment to Intercontinental on grounds that Vogel is judicially estopped from claiming he suffered a compensable loss under the Montana Wrongful Discharge from Employment Act.

## BACKGROUND

¶3 Vogel was employed as a truck body painter at Intercontinental's Conrad, Montana, manufacturing business. In 1997 and 1998, he filed workers' compensation claims for injuries to his knees and had surgery on both knees, for which Intercontinental accepted liability. Between 1998 and 2002, Vogel continued to have problems performing his job, and sought treatment for pain in his shoulders, elbows and wrists.

¶4 On May 22, 2002, Intercontinental terminated Vogel's employment. On June 5, 2002, Vogel filed a first report of injury and occupational disease with the Montana Department of Labor and Industry concerning the pain in his shoulders, elbows and wrists.

¶5 On October 3, 2002, Vogel filed his complaint in this action, claiming Intercontinental wrongfully discharged him from employment and requesting all damages allowed under the Montana Wrongful Discharge From Employment Act (WDEA), §§ 39-2-901 through -915,

2

MCA. Intercontinental timely answered, denying the allegations. Nearly two years passed with no further action in the WDEA case. During that time, Vogel completed vocational rehabilitation training as an auto damage appraiser and claims appraiser as a result of Intercontinental's acceptance of his knee injury claims. He also settled his occupational disease claim concerning the pain in his shoulders, elbows and wrists.

¶6     In June of 2004, Vogel requested a scheduling conference in this action. Intercontinental moved to dismiss for failure to prosecute, but the District Court denied the motion. In April of 2005, Intercontinental moved for summary judgment based on judicial estoppel or, alternatively, Vogel's inability to establish lost wages. In support of its motion, Intercontinental observed--and attached copies of supporting documents--that Vogel stated in his June 2002 occupational disease claim that he had suffered injuries to his upper extremities beginning in December of 1999 which rendered him unable to perform his previous work as a painter. Intercontinental further noted Vogel settled his occupational disease claim at the end of October of 2003, via a stipulation for payment to him of $16,750. Intercontinental argued that, having represented in his occupational disease claim that he was unable to perform his time-of-injury job, Vogel was precluded from later arguing entitlement to wrongful discharge damages resulting from his loss of the same job. Alternatively, Intercontinental argued that a discharge, no matter how wrongful, does not damage an employee who is physically unable to continue in the job. Vogel submitted a brief in opposition to the motion and the court heard oral arguments.

¶7     The District Court granted Intercontinental's motion for summary judgment based on

3

judicial estoppel and entered judgment. Vogel appeals.

## STANDARD OF REVIEW

¶8 Pursuant to Rule 56(c), M.R.Civ.P., summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Employing the same evaluation as the district court based on Rule 56, M.R.Civ.P., we view the evidence in the light most favorable to the non-moving party. We review a summary judgment decision *de novo*. *Peyatt v. Moore*, 2004 MT 341, ¶ 13, 324 Mont. 249, ¶13, 102 P.3d 535, ¶ 13 (citations omitted).

## DISCUSSION

¶9 Did the District Court err in granting summary judgment to Intercontinental on grounds that Vogel is judicially estopped from claiming he suffered a compensable loss under the WDEA?

¶10 Judicial estoppel precludes a party to an action or proceeding from taking a position inconsistent with the party's previous judicial declarations. *Fiedler v. Fiedler* (1994), 266 Mont. 133, 139, 879 P.2d 675, 679 (citation omitted). The doctrine includes four elements: (1) the estopped party had knowledge of the facts at the time he took the original position; (2) the estopped party succeeded in maintaining the original position; (3) the position presently taken is inconsistent with the original position; and (4) the original position misled the adverse party so that allowing the estopped party to change its position would injuriously affect the adverse party. *In re Raymond W. George Trust*, 1999 MT 223, ¶ 51, 296 Mont. 56, ¶ 51, 986 P.2d 427, ¶ 51 (citation omitted). All four elements must be satisfied.

¶11 The first element of judicial estoppel is satisfied here, because it is undisputed that

4

Vogel was aware he had been terminated from employment with Intercontinental when he filed his first report of injury to his shoulders, elbows and wrists on June 5, 2002; indeed, the termination had occurred about a week earlier. He also had knowledge of the facts of his termination from employment when, in a June 20, 2003, petition for hearing before the Workers' Compensation Court on his occupational disease claim, he alleged that he "suffers from an occupational disease arising from his longtime employment as a truck body painter and detailer. The disease affects his shoulders, arms and wrists bilaterally and renders [him] unable to perform his time of injury job."

¶12    Regarding the second element of judicial estoppel, Vogel succeeded in maintaining his original position that his injury rendered him unable to perform his time-of-injury job. In October of 2003, he obtained a settlement of his occupational disease claim for his shoulders, elbows and wrists from Intercontinental in the amount of $16,750.

¶13    The third element is that the position presently taken by the party against whom judicial estoppel is sought is inconsistent with the original position. Vogel's argument in this action that he would have been capable of performing his job after the time of his discharge is entirely inconsistent with his position taken in his occupational disease claim that he was permanently unable to perform his previous work because of an occupational disease before he was discharged. This inconsistency establishes the third element of judicial estoppel.

¶14    Finally, as to the fourth element of judicial estoppel, allowing Vogel to change his position to argue that he was wrongfully discharged from employment would injuriously affect Intercontinental. It would expose Intercontinental to liability for WDEA damages

5

premised on Vogel's ability to perform his job when it had already settled Vogel's occupational disease claim premised on his inability to do so. Thus, the final element is satisfied.

¶15 Vogel does not specifically challenge any portion of the District Court's determination regarding judicial estoppel. Instead, he makes an argument not related to judicial estoppel. The appellant bears the burden of establishing error in a district court's decision. *In re T.H.*, 2005 MT 237, ¶ 45, 328 Mont. 428, ¶ 45, 121 P.3d 541, ¶ 45 (citation omitted). By failing to directly challenge the application of judicial estoppel by the District Court, Vogel has failed to meet his burden on appeal, and we decline to address his other argument.

¶16 We hold the District Court correctly ruled that this action is barred under the doctrine of judicial estoppel and correctly granted Intercontinental's motion for summary judgment on that basis. Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ JAMES C. NELSON

6