

DA 08-0212

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 96

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

BRANDON M. DARRAH,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 07-521
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; Koan Mercer,
Assistant Appellate Defender; Helena, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; C. Mark Fowler
Assistant Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney; Leslie Halligan,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  February 11, 2009

Decided:  March 31, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    This is an appeal by Brandon Darrah from the orders of the District Court of the Fourth Judicial District, Missoula County, which, on appeal from the Missoula County Justice Court, denied Darrah's motion to amend a charge against him from DUI third offense to DUI second offense.

¶2    We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3    In 2001, Darrah was the subject of a petition in Mineral County Youth Court, arising from certain drug offenses. Darrah entered the Mineral County Youth Drug Court program in September 2002, and those proceedings were subsequently transferred to Missoula County for both the drug offenses and the Youth Drug Court. In August 2002, Darrah was convicted of first offense DUI in Justice Court in Missoula.

¶4    Darrah completed the Youth Drug Court program in Missoula and attended a graduation proceeding before the District Court on June 9, 2004. During that proceeding, the Youth Court Judge, the Hon. John W. Larson, asked prosecutor Halligan what she would recommend concerning the "prior petition" that had commenced the Youth Court proceedings. The following ensued:

> Ms. HALLIGAN:  Your Honor, I would recommend that the court approve Brandon—Brandon for completion of drug court and that his prior petition be dismissed and that his prior record be expunged.
>
> THE COURT:  Ms. Borg.

2

MS. BORG: We join in that request, Judge.

THE COURT: Okay. So I've signed—now signed the order for dismissing the case expunging your record. It takes care of any prior contact you've had with the criminal justice system.

That same day, Judge Larson issued a written order that Darrah's previous Youth Court admissions were withdrawn and the pending petition was dismissed with prejudice. The order also required that all agencies "expunge ALL criminal records, including MIP's, which relate to the offenses on or before June 9, 2004."

¶5 In March, 2005, Darrah was convicted upon a guilty plea of DUI second offense in Mineral County and subsequently he was declared to be an habitual traffic offender, in part on the basis of the 2002 and 2005 DUIs. He did not appeal the designation of the 2005 DUI conviction as a DUI second offense. In 2006, Darrah was charged in Missoula County with a DUI third offense and other offenses. Montana law provides for increasingly higher penalties for successive DUI convictions. Section 61-8-722, MCA.

¶6 Darrah moved the Justice Court to amend the charge from DUI third offense to second DUI, contending that his first DUI in 2002 had been expunged by order of the Youth Court and should not have been counted against him. In 2007, the Youth Court in Missoula County, sua sponte, issued an order confirming the expungement order of June 9, 2004, and expressly stated that the order applied to DUI convictions.

¶7 The Missoula County Justice Court denied Darrah's motion to amend the charge of DUI third offense to a charge of DUI second offense. Following that ruling, Darrah pled guilty to DUI third offense, reserving his right to appeal on the issue of the

3

expungement of his first DUI conviction. Darrah appealed the Justice Court's ruling to the District Court, which determined that the appeal presented only issues of law and ordered briefing. By order of February 14, 2008, the Hon. Robert Deschamps affirmed the order of the Justice Court, and subsequently denied a motion to reconsider. Judge Deschamps held that the Youth Court orders on expungement of a DUI conviction were unlawful under Montana law, that the State never made an express judicial declaration agreeing to expunge Darrah's 2002 DUI conviction, and that the principles of judicial estoppel did not apply. This appeal followed.

## STANDARD OF REVIEW

¶8 When an appeal from justice court to district court involves only issues of law, the standard of review of the district court's decision is whether the conclusions of law are correct. *State v. Boucher*, 2002 MT 114, ¶ 10, 309 Mont. 514, 48 P.3d 21; *City of Missoula v. Lesko*, 2003 MT 177, ¶ 7, 316 Mont. 401, 73 P.3d 166.

## DISCUSSION

¶9 *The issue on appeal is whether the District Court properly affirmed the holding of the Missoula Justice Court that Darrah's 2002 DUI conviction had not been expunged by the two orders of the Missoula County Youth Court.* Both Darrah and the State agree on appeal that the Youth Court lacked the power to issue the 2004 and 2007 orders, to the extent that they purported to expunge Darrah's 2002 DUI conviction. In *State v. Chelsey*, 2004 MT 165, ¶ 15, 322 Mont. 26, 92 P.3d 1212, we held that Montana courts lack the "inherent authority to expunge criminal records" and may not do so without specific

4

statutory authorization. A youth court's power to order expungement extends only to its records "of the underlying case." Section 46-1-1104(3)(d), MCA. Youth courts do not have jurisdiction over violations of traffic laws. Section 41-5-203(1), MCA.

¶10    Youth court records must be "physically sealed" after the youth's 18th birthday, and any other agency having a copy of the sealed record, except for the Department of Corrections, must destroy the copies of those records. Section 41-5-216, MCA. However, that statute specifically excepts "youth traffic records" from the sealing and destruction requirements. Section 41-5-216(4), MCA. The youth court is also bound by statutory restrictions regarding records of traffic offenses applicable to all courts:

> A court may not take any action, including deferring imposition of judgment, on a conviction that would prevent a conviction for any violation of a state or local traffic control law or ordinance, except a parking law or ordinance, in any type of motor vehicle, from appearing on the person's driving record.

Section 61-11-101(5), MCA. It is therefore clear that both parties to this appeal are correct in concluding that the Youth Court orders on expungement that purport to affect Darrah's first DUI conviction in 2002, were beyond the power of that court and are invalid.

¶11    In recognition of this state of the law, Darrah frames his contention on appeal as follows:

> Darrah's argument in his motion to reconsider and now on appeal is not that Judge Larson's 2004 order actually expunged his 2002 DUI or that the 2002 conviction must now be removed from his driving record. Darrah is not seeking this Court to order performance of an illegal act. Rather, Darrah's contention is that judicial estoppel binds the State to apply its

5

prosecutorial discretion to decline prosecutions that would be based on his pre-2004 convictions.

Darrah's judicial estoppel argument is based on Ms. Halligan's statement at the Youth Drug Court graduation proceeding that she recommended to the court that the "prior [Youth Court] petition be dismissed and that his prior record be expunged."

¶12 The purpose of judicial estoppel is to protect the integrity of the judicial process. It is an equitable doctrine intended to protect courts from being "manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories." *Nelson v. Nelson*, 2002 MT 151, ¶ 20, 310 Mont. 329, 50 P.3d 139. Judicial estoppel precludes a party to an action from taking a position inconsistent with the party's prior judicial declarations. *Vogel v. Intercontinental Truck Body, Inc.*, 2006 MT 131, 332 Mont. 322, 137 P.3d 573. The party claiming judicial estoppel must show that:

> (1) the estopped party had knowledge of the facts at the time he took the original position;
> (2) the estopped party succeeded in maintaining the original position;
> (3) the position presently taken is inconsistent with the original position; and
> (4) the original position misled the party so that allowing the estopped party to change its position would injuriously affect the adverse party.

*Vogel*, ¶ 10. Each of these elements must be established by the party seeking to apply judicial estoppel. *In the Matter of Raymond W. George Trust*, 1999 MT 223, ¶ 51, 296 Mont. 56, 986 P.2d 427.

¶13 The first step is to define the State's "original position" in this case. The only evidence of a judicial position is Ms. Halligan's statement to the Youth Court, quoted

6

above, that she recommended that Darrah's prior petition be dismissed and that his prior record be expunged. This statement was made during the "graduation" proceeding after Darrah's completion of the Youth Drug Court program. That program began with drug charges brought by petition in Youth Court. There is nothing in Halligan's statement to indicate a position on behalf of the State that Darrah's 2002 DUI conviction in Justice Court would be affected in any way by any expungement. There is also nothing in the statement to indicate a position that Darrah's 2002 DUI conviction would never be used again in any subsequent proceeding.

¶14 Darrah has therefore failed to show that the State's current position—that Darrah now has three DUI convictions—is inconsistent with its original position, as required by factor (3) to establish judicial estoppel.

¶15 In addition, for purposes of factor (4), Darrah has failed to show he was misled to his injury by the State's original position. Subsequent use of Darrah's 2002 DUI conviction would adversely affect him only if he committed additional DUI offenses, as he has done. It was Darrah's own unlawful conduct occurring after the Youth Court proceedings that has caused him detriment. Darrah cannot, as a matter of public policy, claim a judicial estoppel right to re-offend and receive a lesser penalty than the law provides. *See State v. Brander*, 280 Mont. 148, 154, 930 P.2d 31, 35 (1996) (enhanced penalties for successive DUI convictions are not ex post facto but are the current punishment for a repetitive driving offense).

¶16 Darrah attempts to bolster his judicial estoppel argument by asserting that he was misled by promises that were allegedly made at the time he agreed to participate in the Youth Drug Court process. He points to a "drug court contract" that he agreed to which contained a statement that upon completion of the program "my criminal record will be expunged" and that "[i]n some cases charges in Municipal and Justice Court are included in the expungement order." This contract cannot support Darrah's judicial estoppel argument that arises from Halligan's subsequent statement to the Youth Court. The contract itself was not a judicial statement and since it pre-dated the Halligan statement to the Youth Court it is not evidence that Darrah was misled by the Halligan statement.

¶17 In summary, we find that Darrah has failed to demonstrate that each of the elements of judicial estoppel was met in this case.

¶18 Significantly, to the extent that Ms. Halligan may have taken a position at the Youth Drug Court graduation proceeding supporting expungement of the DUI, that position was based upon an unlawful premise. Neither she nor Darrah's attorney nor the Youth Court could commit to expungement of a DUI record of the Justice Court. As discussed above, there was no authority under which the Youth Court could order expungement of DUI offenses, and a statement of support for an unlawful action can not be enforced by judicial estoppel or otherwise. It is "appropriate to resist application of judicial estoppel" where the party's prior position is based upon a mistake. *New Hampshire v. Maine*, 532 U.S. 742, 753, 121 S. Ct. 1808, 1816 (2001).

¶19    For the reasons stated herein, we affirm.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE