JUSTICE WARNER
concurs.
¶62 I concur with the Court’s opinion. I write to explain why I concur with the Court on Issue 2.
¶63 FIE appeals the District Court judgment, inter alia, because even though the tort case was tried in Montana using Montana law as it relates to tort damages, Idaho law was applied by the District Court to increase the judgment by $328,939.39 in pre-judgment interest and $281,646.46 as attorney fees. Neither of these amounts would be awarded under Montana law.
¶64 FIE argues Tucker is judicially estopped from the application of Idaho law to the insurance contract because in the Idaho courts she argued Montana law applies, and in the Montana courts she argues Idaho law applies.
¶65 The doctrine of judicial estoppel precludes a party to an action from taking a position inconsistent with the party’s prior judicial declarations. State v. Darrah, 2009 MT 96, ¶ 12, 350 Mont. 70, 205 P.3d 792 (citing Vogel v. Intercontinental Truck Body, Inc., 2006 MT 131, ¶ 10, 332 Mont. 322, 137 P.3d 573). It is an equitable doctrine intended to protect courts from being “manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories.” Nelson v. Nelson, 2002 MT 151, ¶ 20, 310 Mont. 329, 50 P.3d 139. The party claiming judicial estoppel must show that:
(1) the estopped party had knowledge of the facts at the time he took the original position;
(2) the estopped party succeeded in maintaining the original position;
(3) the position presently taken is inconsistent with the original position; and
(4) the original position misled the party so that allowing the estopped party to change its position would injuriously affect the adverse party.
Darrah, ¶ 12 (citing Vogel, ¶ 10).
*463 ¶66 In my view, judicial estoppel would preclude use of the “most significant relationship” approach of the Restatement (Second) of Conflict of Laws § 188, which we adopted in Modroo, if Tucker took inconsistent positions in Idaho and Montana relating to the interpretation of FIE’s contract of insurance. However, a careful examination of the record reveals that Tucker did not take inconsistent positions concerning the application of Idaho law to the insurance contract.
¶67 In its briefing in the Idaho courts, Tucker was fearful that FICI would convince an arbiter that Idaho law should be applicable to liability and damage issues and therefore strenuously argued against arbitration. Still, in discussing the stacking of UIM coverage, Tucker argued in the Idaho courts that she could recover interest and attorney fees under Idaho law, in addition to tort damages under Montana law. In her complaint in Montana, Tucker alleged Idaho law applied to the insurance contract, and prayed for interest and attorney fees under Idaho law. Tucker’s position in Idaho was consistent with her position in Montana and FIE was not misled so as to change its position. Thus, the doctrine of judicial estoppel does not apply to bar Tucker’s claim under Idaho law for pre-judgment interest and attorney fees.
¶68 I agree with the Court’s analysis under §188 of the Restatement (Second) of Conflict of Laws. In relation to the insurance contract, the parties’ contacts with Idaho are more significant than with Montana. And, as judicial estoppel does not apply, I concur with the Court’s decision.
JUSTICE RICE joins in the foregoing concurrence.