FILED

01/17/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0648

DA 14-0648

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 7N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

LEVI STARK,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
                   In and For the County of Dawson, Cause No. DC 13-39
                   Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Chief Appellate Defender, Lisa S. Korchinski, Assistant
                Appellate Defender

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
                Attorney General, Helena, Montana

                Olivia Norlin-Rieger, Dawson County Attorney, Joel M. Thompson,
                Special Deputy Dawson County Attorney, Glendive, Montana

                        Submitted on Briefs:  December 21, 2016

                                Decided:  January 17, 2017

Filed:

                                      Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Levi Stark appeals an order of the Seventh Judicial District Court, Dawson County, denying his motion for equitable relief. We address whether the District Court erred by denying Stark's motion. We affirm.

¶3    On May 2, 2013, the State charged Stark by information with three offenses, including deliberate homicide, a felony, in violation of § 45-5-201, MCA.[1] In a companion case, the State charged Stark's then-girlfriend, Jessica Miller-Grossman, by information with several offenses, including conspiracy to commit deliberate homicide. On February 20, 2014, the State reached a plea agreement with Miller-Grossman, whereby she pled guilty to a lesser offense of mitigated deliberate homicide by accountability. Stark then filed a motion for equitable relief, arguing that since Miller-Grossman pled guilty to mitigated deliberate homicide by accountability, the doctrine of judicial estoppel bound the State to this theory of prosecution and it therefore could not proceed to trial against Stark on the charge of deliberate homicide. The District Court denied Stark's motion. The case proceeded to a jury trial, and Stark was convicted

---

[1] The two other charges—arson and tampering with physical evidence—are not subjects of this appeal.

of deliberate homicide and two other offenses. Stark appeals the District Court's denial of his motion for equitable relief.

¶4 In considering matters of an equitable nature, we review a district court's factual findings for clear error and its legal conclusions for correctness. *Kauffman-Harmon v. Kauffman*, 2001 MT 238, ¶ 11, 307 Mont. 45, 36 P.3d 408. "Further, this Court, sitting in equity, is empowered to determine all questions involved in the case and to do complete justice, including the power to fashion equitable results." *Kauffman*, ¶ 11 (citation omitted).

¶5 Judicial estoppel "is an equitable doctrine intended to protect courts from being 'manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories.'" *State v. Darrah*, 2009 MT 96, ¶ 12, 350 Mont. 70, 205 P.3d 792 (quoting *Nelson v. Nelson*, 2002 MT 151, ¶ 20, 310 Mont. 329, 50 P.3d 139). The party claiming judicial estoppel must show that:

> (1) the estopped party had knowledge of the facts at the time he took the original position;
> (2) the estopped party succeeded in maintaining the original position;
> (3) the position presently taken is inconsistent with the original position; and
> (4) the original position misled the party so that allowing the estopped party to change its position would injuriously affect the adverse party.

*Darrah*, ¶ 12. In its May 2, 2013 information, the State charged Stark with deliberate homicide. As the State points out, its position relative to Stark's culpability "never varied in that regard." Stark has pointed to no evidence to the contrary. Nor has he shown that the State's plea bargain with Miller-Grossman had any bearing on the charges the State brought against him. Stark's argument that a co-defendant's plea to accountability for a

lesser charge vitiates the ability of the State to get a conviction on a greater charge is fundamentally flawed. *See* § 45-2-303, MCA (providing that a person may be convicted of legal accountability for the conduct of another "upon proof that the offense was committed and that the person was accountable although the other person claimed to have committed the offense has not been prosecuted or convicted, [or] has been convicted of a different offense"). Thus, Stark failed to show that he met the fourth element of the test for judicial estoppel.

¶6    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct, and its findings of fact are not clearly erroneous. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE

4